First Nat. Bank of Brookville to use of W. T. Cathers *v.* James A. Cathers, Defendant, Seeley & Alexander, Garnishees, and R. S. Cathers, Appellants.

*Fraudulent conveyance—Evidence—Attachment execution.*

In an attachment execution the garnishees claimed that the fund in their hands was the proceeds of the sale of lands belonging to the son of the defendant in the execution, deposited by defendant under a power of attorney from his son. Evidence for plaintiff tended to show that the land formerly belonged to the defendant; that it was bought in at a sheriff's sale by a creditor, and subsequently conveyed to defendant's son who was not in the state at the time; that the control of the property continued in the defendant, who was at the time insolvent; that a sale of the timber on the land was effected by defendant, and the proceeds thereof applied to the payment of the debt of the creditor who bought in the land at the sheriff's sale. There was also evidence that another tract of land was conveyed to another son of defendant under circumstances which seemed to indicate an intent to cover up the title. *Held,* that the case was for the jury.

Argued Oct. 2, 1894. Appeal, No. 33, Oct. T., 1894, by defendants, from judgment of C. P. Jefferson Co., Sept. T., 1889, No. 314, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Attachment execution. Before WHITE, P. J.

The garnishees claimed that the fund in their hands was the proceeds of the sale of lands belonging to R. S. Cathers, a son

of defendant, James A. Cathers, under a power of attorney made by the son to the father.   Plaintiff offered evidence to show that the land formerly belonged to defendant, that it was bought in at a sheriff's sale by a creditor, R. Arthurs, who subsequently conveyed it to defendant's son who was not in the state at the time ; that the control of the property continued in defendant, who was at the time insolvent ; that a sale of the timber on the land was effected by defendant, and the proceeds applied to the payment of the debt of Arthurs.   Plaintiff also offered evidence to show that Arthurs bought another tract of land belonging to defendant, sold at sheriff's sale, and afterwards conveyed it to John T. Cathers, another son of defendant.

Plaintiff, under objection and exception, gave in evidence the judgment on which the attachment execution issued, and the preceding judgment of which it was a revival, to show that the debt accrued and was a subsisting lien prior to the fraudulent transfer. [1, 2]

This judgment was entered originally against James A. Cathers and W. T. Cathers.   The latter was surety for the former, and, having paid off the judgment, he was subrogated to the rights of the plaintiff.

Plaintiff, under objection and exception, gave in evidence other judgments, executions, receipts and payments by defendant, to prove that he was the beneficial owner after the transfer to his son. [3–7]

The court left the question of fraud to the jury.

Verdict and judgment for plaintiff.   Defendants appealed.

*Errors assigned* were rulings on evidence, and instructions, quoting bills of exception, evidence and instructions.

*Charles Corbet, M. M. Davis* with him, for appellants, cited : Kinnear v. Gealy, 1 Penny. 284 ; Rhoads's Ap., 11 W. N. 276 ; Haak's Ap., 100 Pa. 62 ; Armington v. Rau, 100 Pa. 165 ; Zuver v. Clark, 104 Pa. 222 ; Monroe v. Smith, 79 Pa. 459 ; Harlan v. Maglaughlin, 90 Pa. 293 ; Kimble v. Smith, 95 Pa. 69 ; Buckley v. Duff & Sons, 114 Pa. 596 ; Stewart v. Coder, 11 Pa. 90 ; Girard Nat. Bank's Ap., 13 W. N. 101 ; Foster v. Walton, 5 Watts, 378 ; Taylor's Ap., 8 W. N. 192 ; Silliman .v. Haas, 151 Pa. 52 ; Christy v. Sill, 95 Pa. 380 ; Mead v. Con-

roe, 113 Pa. 220; Jones v. Lewis, 148 Pa. 234; Eyrick ·v. Hetrick, 13 Pa. 488.

*G. A. Jenks, C. Mitchell* with him, for appellee, cited : Schontz v. Brown, 27 Pa. 131; Bouslough v. Bouslough, 68 Pa. 495; Heath v. Page, 63 Pa. 108.

PER CURIAM, Oct. 15, 1894 :

This case involved questions of fact which were for the exclusive determination of the jury ; and the testimony bearing upon those questions appears to have been submitted to them with proper and adequate instructions.   An examination of the record with special reference to the several specifications of error has failed to convince us that there is anything in either of them that would justify a reversal of the judgment.

Judgment affirmed.